IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DP Creations et al.,<br><br>    Plaintiffs,<br>v.<br>Ortiz et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STAY<br><br>Case No. 2:19-cv-00948-CMR<br><br>Magistrate Judge Cecilia M. Romero |

  Before the court is Defendants' Motion to Stay Proceedings ("Motion") (ECF 10). In the Motion, Defendants request a stay of proceedings pending the court's determination of their Motion to Disqualify Counsel (ECF 9). Plaintiffs filed a Memorandum in Opposition ("Opposition") (ECF 11) arguing the stay is an unnecessary delay tactic. The court is not persuaded by Defendants Motion and finds a stay pending determination of the Motion to Disqualify Counsel is unnecessary.

  The court has inherent power to stay proceedings in matters pending before it. *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). This includes discretion to stay discovery pending resolution of a motion to dismiss. *See Matrix Grp., LLC v. Innerlight Holdings, Inc.*, 2012 WL 5397118, at *4–5 (D. Utah Nov. 5, 2012). Reaching such a determination as to whether or not to stay a matter "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In exercising this judgment courts in this circuit have applied a variety of factors. *See e.g., Gale v. Brinker International Payroll Co.*, 2010 WL 3835215, *1 (D. Utah Sept. 29, 2010); *Sykes v. LivaNova Deutschland GMBH*, 2018 WL 286791, at *1 (D. Colo. Jan. 4, 2018). These include: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid

confusion and inconsistent results; (3) the interests and burdens on the parties; (4) the interests of others, such as nonparties or the public, in staying or proceeding with the case and (5) the impact to the court of staying a matter. *Id*.

Having considered these factors, the court finds that Defendants have failed to meet their burden. As to the first factor, the court has no information that a stay does not promote judicial economy. Further, there is no suggestion that a stay would avoid confusion or inconsistent results. Third, the burden on the Defendants to file an answer will not be affected by the court's decision to disqualify Plaintiffs' counsel. In fact, Plaintiffs themselves would be burdened should the court disqualify their counsel of record, yet, they oppose a stay. As to the fourth factor, nothing in the record demonstrates any effect on nonparties or the public in staying or proceeding with the case. Finally, the court's determination in whether to disqualify Plaintiffs' counsel has no bearing or effect on Defendants' obligation to answer, or the parties' obligation to file a proposed scheduling order.

## ORDER

It is therefore ORDERED that Defendants' Motion to Stay is DENIED. Defendants must file an answer or other responsive pleading by January 3, 2020.

DATED this 20 December 2019.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah