IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DP CREATIONS, LLC, NEVIN PRATT and DENISE PRATT,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>STEPHANIE ORTIZ dba nlovewithreborns2011 and JACKIE ORTIZ dba heart2heartbabies,<br><br>    Defendants and Counterclaim Plaintiffs. | REPORT AND RECOMMENDATION<br><br>Case No. 2:19cv948 HCN DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the undersigned on Plaintiffs' Short Form Motion regarding Defendants' Failure to Respond to Discovery Requests Regarding their Counterclaim. (ECF No. 74.) Plaintiffs ask the court to dismiss Defendants' counterclaim as a sanction for their willful and "persistent failure to respond to [their] discovery requests regarding the counterclaim." Plaintiffs also seek attorney fees incurred in bringing the motion and the previous short form discovery motion that also addressed this failure. For the reasons set forth herein, the undersigned recommends that the motion be granted.[1]

## BACKGROUND

Plaintiff Denise Pratt sculpted life-like newborn dolls as a hobby. Eventually her creations became so popular that Ms. Pratt and her husband, Nevin, organized DP Creations LLC

---

[1] Judge Howard Nielson referred this case pursuant to 28 U.S.C. § 636(b)(1)(B) to handle all matters up to and including a report and recommendation on dispositive matters. (ECF No. 42.)

(DPC).² DPC became a newborn doll supply company selling "realistic-looking baby doll ("reborn") kits, doll body parts, paint, clothing, "how-to" videos, and other supplies to the reborn doll community." Complaint ¶13, ECF No. 5-5. DPC sponsored an annual show for newborn doll hobbyists called the ROSE International Doll Show in which Defendants participated. Defendant Stephanie Ortiz makes completed reborn dolls and markets them on her website [www.nlovewithreborns2011.org](www.nlovewithreborns2011.org). A disagreement arose between Plaintiffs and Defendants following the 2018 ROSE doll show concerning the promotion of the ROSE show and compensation for those activities. Tensions rose, and Defendants allegedly started publishing disparaging false statements on their YouTube channels and other social media outlets. Those remarks included, among other things, allegations that Defendant did not make much money by going to the ROSE show due to high fees, that Plaintiffs were "cheaters" when judging dolls, had criminal records and that Plaintiffs were involved with polygamous groups. Defendants directed viewers to watch "Escaping Polygamy" as a place to learn about Plaintiffs and their company. *See* Complaint ¶¶ 25-40. Ms. Ortiz publicly stated that she does not want to support Plaintiff's company because it is "owned by Kingston members so yes the money goes to funding the Kingston leaders." Complaint ¶ 42. Plaintiffs initially filed suit in Utah state court and this matter was removed to this court in late 2019.

In April 2020, counsel for Defendants withdrew and Defendants then subsequently entered a pro se notice of appearance. (ECF No. 40, ECF No. 41.) It was after this point that Defendants have had struggles responding to filings in this case. For example, the court entered an order to show cause directing Defendants respond to Plaintiffs' Motion to Dismiss for Failure to State a Claim. (ECF No. 56.) And the court entered multiple orders to show cause directing

---

² DP Creations LLC does business as Bountiful Baby. The court refers to DP Creations LLC as DPC in its decision.

Defendants to respond to Plaintiffs' Motion to Compel. (ECF No. 68, ECF No. 71.) Most recently, the court again entered an order to show cause affording Defendants additional time to respond to Plaintiffs' motions. (ECF No. 78.) Defendants' failures to respond timely to motions in this case has created delay. Plaintiffs point to these issues in their motion presently before the court

## DISCUSSION

Plaintiffs seeks attorney fees and dismissal of Defendants' Counterclaim as a sanction for the failure to respond to discovery requests regarding the Counterclaim. Those requests have been the subject of two motions, and as set forth above, multiple orders to show cause directing a response from Defendants. Despite these orders and Plaintiffs' motions, Plaintiffs assert Defendants have failed to provide substantive responses to their discovery requests. The court agrees with Plaintiffs. Defendants' responses to the motions have, in the court's view, failed to address the arguments advanced by Plaintiffs and compliance with the discovery requests is lacking. Instead of responding substantively, Defendants have continued to advocate their view regarding Plaintiffs' alleged inappropriate behaviors and actions.

Generally the court would look to Rule 37[3] in considering appropriate sanctions along with looking to the factors set out by the Tenth Circuit in *Ehrenhaus v. Reynolds*, 965 F.2d 916

---

[3] Rule 37 of the Federal Rules of Civil Procedure permits a court to impose a number of sanctions for a party's failure to comply with a court's discovery orders. Such sanctions include, but are not limited to:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(10th Cir. 1992). The *Ehrenhaus* factors are particularly relevant when considering dispositive sanctions, such as imposing dismissal for repeated failures to comply with court orders. *See id.* at 920-21. Yet the court need not engage in an *Ehrenhaus* analysis at this time because Defendants have moved "the court [to] dismiss all of the counterclaims that were submitted on January 24, 2020 by their former law attorney … as the defendants no longer seek restitution for financial damages" from Plaintiffs. (ECF No. 76 p. 3.) Based on Defendants' request, the court will recommend that Plaintiffs' Motion to Dismiss Defendants' Counterclaim be granted.

This then leaves Plaintiffs' request for attorney fees. As noted by the Tenth Circuit in *Ehrenhaus*, a court normally should look to lesser sanctions, such as monetary sanctions, before entering dispositive sanctions. In addition, Rule 37 provides that a court may require a party whose conduct necessitated a motion to pay the "movant's reasonable expenses incurred in making the motion, including attorney's fees" unless a certain exception applies. Fed. R. Civ. P. 37(a)(5). The court finds none of the stated exceptions apply here. Thus, based on the circumstances before the court, the court grants Plaintiffs' request for reasonable attorney fees in bringing this motion and the prior motion to compel.

### RECOMMENDATION

Based upon Defendants' request to dismiss their counterclaims, (ECF No. 76.), and on Plaintiffs' Motion to Dismiss, (ECF No. 74.), the court RECOMMENDS that Plaintiffs' Motion to Dismiss be GRANTED.

The court further GRANTS Plaintiffs' request for reasonable attorney fees in bringing this motion and the prior motion to compel. Plaintiffs are directed to file an affidavit regarding

---

Fed. R. Civ. P. 37.

attorney fees within twenty (20) days from the date of this Report and Recommendation. Defendants may then file a response within seven (7) days.

 Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

 DATED this 29 June 2022.

_____
Dustin B. Pead
United States Magistrate Judge